CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NOAH STERN (CABN 297476)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6758
    FAX: (415) 436-7234
    Noah.Stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 24-00021 |
|     Plaintiff, | ) **STIPULATION AND [PROPOSED] ORDER RE:** |
|   v. | ) **RESTITUTION** |
| BABA NADIMPALLI, | ) |
|     Defendant. | ) |

The United States and defendant Baba Nadimpalli ("Defendant"), by and through their counsel of record, hereby stipulate as follows:

1. On June 25, 2025, Defendant pleaded guilty to counts one and eight of the Indictment charging him with securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5, and wire fraud, in violation of 18 U.S.C. § 1343.

2. At the sentencing hearing on November 7, 2025 the Court ordered Defendant to serve 12 months and one day in custody and deferred the determination of restitution.

3. Restitution is mandatory to victims of fraud pursuant to 18 U.S.C. §§ 3663A (MVRA). Specifically, the law provides that a court "shall order . . . restitution" and that this restitution order "shall order restitution to each victim" through the appropriate court mechanism "in the full amount of

STIPULATION AND ORDER RE: RESTITUTION
CR 24-00021

the victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A).

4.      To conserve judicial resources, to bring about a speedy resolution of this matter, and to avoid further litigation, the parties agree and jointly request that the Court, upon approval of this Stipulation, may enter an Amended Judgment to order restitution to the individuals and/or entities in the amounts as set forth below, with distributions to be made in equal shares (i.e., not pro rata):

| Individual / Entity[1] | Amount |
|---|---|
| Investor 1 | $2,824,109.60 |
| Investor 2 | $4,503,994.81 |
| Investor 3 | $16,649.20 |
| Investor 5 | $33,297.65 |
| Investor 6 | $33,297.65 |
| Investor 8 | $8,867,245.96 |
| Investor 9 | $6,659.50 |
| Investor 10 | $33,297.51 |
| Investor 11 | $33,297.51 |
| Investor 13 | $281,500.00 |
| **Total** | $16,633,349.39 |

The parties stipulate that the above individuals and/or entities qualify as "victims" under the statutes cited in paragraph 3, *supra*.  The United States shall furnish the Clerk's Office with physical address information for each individual and/or entity.

5.      The parties agree that the full amount of special assessment, fine, forfeiture money judgment and restitution is due immediately in accordance with 18 U.S.C. § 3572(d) and in accordance with the parties' plea agreement.

6.      In accordance with a payment schedule set by the court, restitution payments shall not begin until 60 days following Defendant's release from imprisonment. The restitution payments shall be made to the Clerk of U.S. District Court, Attention: Finance Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

---

[1] The full names of these investors are set forth in the attached restitution table that is being provided to the Probation Office and filed under seal.

STIPULATION AND ORDER RE: RESTITUTION
CR 24-00021

7.    Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3664(m).

8.    Defendant contents he does not have the ability to pay interest and requests that the Court waive the requirement for interest. See 18 U.S.C. 3612(f)(3). The Government takes no position on Defendant's request.

9.    The parties request that the Court issue an Amended Judgment ordering restitution payable to the individuals and/or entities identified and the terms outlined above.

SO STIPULATED.

DATED: 5/7/2026

CRAIG H. MISSASKIAN
United States Attorney

_____/s/_____

NOAH STERN
Assistant United States Attorney

DATED: 5/7/2026

_____/s/_____

JONATHAN BAUM
Attorney for Defendant Baba Nadimpalli

STIPULATION AND ORDER RE: RESTITUTION
CR 24-00021

**[~~PROPOSED~~] ORDER**

Defendant Baba Nadimpalli will pay a total of $16,633,349.39 in restitution, in the amounts specified to the individuals and/or entities specified as follows, with distributions made in equal shares:

| Individual / Entity | Amount |
|---|---|
| Investor 1 | $2,824,109.60 |
| Investor 2 | $4,503,994.81 |
| Investor 3 | $16,649.20 |
| Investor 5 | $33,297.65 |
| Investor 6 | $33,297.65 |
| Investor 8 | $8,867,245.96 |
| Investor 9 | $6,659.50 |
| Investor 10 | $33,297.51 |
| Investor 11 | $33,297.51 |
| Investor 13 | $281,500.00 |
| **Total** | $16,633,349.39 |

The above individuals/entities qualify as victims pursuant to 18 U.S.C. §§ 3663A.

The full amount of special assessment, fine, forfeiture money judgment, and restitution is due immediately.  Restitution payments shall begin 60 days following Defendant's release from imprisonment.

Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3664(m).  The criminal monetary penalty payments shall be made to the Clerk of U.S. District Court, Attention: Finance Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

IT IS SO ORDERED.

DATE:  May 7, 2026

HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER RE: RESTITUTION
CR 24-00021